JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Steven Wiggs

### DEFENDANTS
Donald Foley, David Shearn

**(b)** County of Residence of First Listed Plaintiff: **Lehigh**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin J. Simmons, Esq.
DeFino Law Associates, P.C.
2541 S. Broad St., Philadelphia, PA 19148 - Ph: (215) 551-9099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Defendants maliciously prosecuted Plaintiff by twice arresting him without probable cause.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 500,000.00
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE: 

DOCKET NUMBER:

DATE: 05/13/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __718 S. Woodward Street, Allentown, PA 18103__

Address of Defendant: __2201 Belmont Avenue, Philadelphia, PA 19131__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/13/2020__  _____[signature]_____  __314855__
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Benjamin J. Simmons, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5/13/2020__  _____[signature]_____  __314855__
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Steven Wiggs | : | CIVIL ACTION |
| v. | : | |
| Donald Foley and | : | |
| David Shearn | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 5/13/2020 | Benjamin J. Simmons, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 551-9099 | (215) 551-4099 | bsimmons@definolawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN WIGGS<br>718 South Woodward Street<br>Allentown, PA 18103<br>            Plaintiff,<br>          v.<br>DONALD FOLEY<br>2201 Belmont Avenue<br>Philadelphia, PA 19131<br>          and<br>DAVID SHEARN<br>2201 Belmont Avenue<br>Philadelphia, PA 19131<br>            Defendants. | :<br>:<br>:<br>:<br>: No.<br>:<br>:<br>: COMPLAINT AND<br>: <u>JURY DEMAND</u><br>:<br>:<br>:<br>:<br>:<br>: |

## <u>PLAINTIFF'S COMPLAINT IN CIVIL ACTION</u>

### PRELIMINARY STATEMENT

1. This action is brought under 42 U.S.C. §1983 for deprivation of Plaintiff's civil rights under the Fourteenth and Fourth Amendments to the U.S. Constitution.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### PARTIES

3. Plaintiff Steven Wiggs is an adult individual with an address for service as captioned above, who at all times relevant to this action was a duly-elected Pennsylvania State Constable.

4. Defendant Donald Foley is an adult individual with an address for service as captioned above, who at all times relevant to this action was a Pennsylvania State Trooper acting under color of state law.

1

5. Defendant David Shearn is an adult individual with an address for service as captioned above, who at all times relevant to this action was a Pennsylvania State Police Corporal acting under color of state law.

## FACTUAL ALLEGATIONS

6. On January 13, 2018, Plaintiff was cited by the Pennsylvania State Police for an alleged motor vehicle violation pursuant to 75 Pa.C.S. §4571(b)(1).

7. On April 19, 2018, Plaintiff arrived at the Philadelphia Municipal Court Traffic Division to appear at a hearing regarding the above-referenced citation.

8. Plaintiff was wearing attire identifying himself as a Pennsylvania State Constable and carrying a firearm as legally authorized pursuant to 18 Pa.C.S. §6106(b)(1).

9. As required by the security policies of the Philadelphia Municipal Court Traffic Division, Plaintiff surrendered his firearm to the Sheriff's Deputies at the secured entrance to the court building for storage until he exited the building.

10. Plaintiff then attended the hearing in his motor vehicle violation case and testified in his own defense, during which time he repeatedly identified himself to the Traffic Division Hearing Officer as a Pennsylvania State Constable.

11. On or about July 13, 2018, Defendant Foley prepared and submitted an Affidavit of Probable Cause to the Philadelphia District Attorney's Office ("DAO") seeking a warrant for the Plaintiff's arrest.

12. The Affidavit prepared and submitted by Defendant Foley contained numerous false statements of fact and misrepresentations of the law supporting the basis for Defendant Foley's allegations against the Plaintiff, including, *inter alia*, that Plaintiff


had falsely represented himself as a police officer at the hearing in his case, and that Plaintiff was not legally authorized to carry a firearm, despite the clear mandate of the permitting exception enumerated at 18 Pa.C.S. §6106(b)(1).

13. A warrant for Plaintiff's arrest was issued on the basis of Defendant Foley's Affidavit, and the Plaintiff was arrested on July 18, 2018, charged with violations of the Pennsylvania Uniform Firearms Act ("UFA") and Impersonating a Public Servant, and had his firearm confiscated.

14. At the Preliminary Hearing in that case – Philadelphia Municipal Court docket number MC-51-CR-0018498-2018 (the "First Case") – the charge of Impersonating a Public Servant was dismissed for lack of evidence, but the charges alleging violations of the UFA were held for court.

15. At the Preliminary Hearing in the First Case, Defendant Foley falsely testified that Plaintiff was not legally authorized to carry a firearm, despite the clear mandate of the permitting exception enumerated at 18 Pa.C.S. §6106(b)(1).

16. On September 23, 2018, Plaintiff received notice from a Constable who provided security officers for the Wyoming Area School District in Northeast Pennsylvania – for whom Plaintiff had previously worked and intended to again work in the future – that he was being suspended from his employment and/or contract to work with the School District due to the pending charges against him.

17. A Pre-Trial Conference in the First Case was scheduled for September 27, 2018, and Plaintiff arrived at the Stout Center for Criminal Justice in Philadelphia on that day wearing a firearm – again, as authorized by Pennsylvania law – and checked it with

the Sheriff's Deputies at the secured entrance to the court building for storage until he exited the building.

18. Upon the conclusion of the Pre-Trial Conference, as Plaintiff was exiting the building, Defendant Shearn arrested the Plaintiff or caused the Plaintiff to be arrested once again, took him into custody, and confiscated his vehicle and firearm.

19. Defendant Shearn thereafter submitted an Arrest Report to the DAO, seeking criminal charges against the Plaintiff, which again contained multiple false statements of fact and misrepresentations of the law supporting the basis for Defendant Shearn's allegations against the Plaintiff, including, *inter alia*, that Plaintiff had falsely represented himself as a police officer and was not legally authorized to carry a firearm, despite the clear mandate of the permitting exception enumerated at 18 Pa.C.S. §6106(b)(1).

20. Plaintiff was again charged, on the basis of Defendant Shearn's Affidavit, with violations of the UFA and Impersonating a Public Servant under Philadelphia Municipal Court docket number MC-51-CR-0024936-2018 (the "Second Case").

21. On January 17, 2019, Judge Scott DiClaudio of the Philadelphia Court of Common Pleas found there was insufficient evidence to establish even a *prima facie* case against the Plaintiff in the First Case, and the remaining charges against the Plaintiff were Quashed under docket number CP-51-CR-0005916-2018.

22. On June 18, 2019, the DAO determined there was no ongoing basis in law or fact to pursue charges in the Second Case and *nolle prossed* all remaining charges before Judge Shanese Johnson in the Philadelphia Court of Common Pleas under docket number CP-51-CR-0008072-2018.

## CLAIMS FOR RELIEF

### COUNT I
### Steven Wiggs v. Donald Foley
### 42 U.S.C. §1983 – Malicious Prosecution and Wrongful Arrest

23. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

24. Defendant Donald Foley was at all times relevant to this action acting under color of state law as a Pennsylvania State Police Trooper.

25. Defendant's willful, wanton, and malicious conduct consisted of the following, without limitation:

   a. Preparing and submitting a falsified Affidavit of Probable Cause to the Philadelphia District Attorney's Office in an effort to secure the arrest, charging, and prosecution of the Plaintiff;

   b. Providing false testimony at the Preliminary Hearing in the First Case against the Plaintiff that the Plaintiff was not legally authorized to carry a firearm; and,

   c. Providing false testimony at the Preliminary Hearing in the First Case against the Plaintiff that the Plaintiff was not excepted from liability under 18 Pa.C.S. §6108 because he did not have insurance, despite the clear mandate of 18 Pa.C.S. §6106(b)(1).

26. Defendant's conduct violated Plaintiff's civil rights as established by the Fourth Amendment to the U.S. Constitution.

27. As a direct and proximate result of Defendant's willful, wanton, and malicious conduct, Plaintiff was unreasonably seized, deprived of his liberty and property, compelled to hire an attorney at his personal expense, made to endure the rigors of protracted criminal prosecution, and suspended from his usual employment, resulting in significant lost income.

## COUNT II
### Steven Wiggs v. David Shearn
### 42 U.S.C. §1983 – Malicious Prosecution and Wrongful Arrest

28. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

29. Defendant David Shearn was at all times relevant to this action acting under color of state law as a Pennsylvania State Police Corporal.

30. Defendant's willful, wanton, and malicious conduct consisted of the following, without limitation:

   a. Preparing and submitting a falsified Arrest Report to the Philadelphia District Attorney's Office in an effort to secure the charging and prosecution of the Plaintiff.

31. Defendant's conduct violated Plaintiff's civil rights as established by the Fourth Amendment to the U.S. Constitution.

32. As a direct and proximate result of Defendant's willful, wanton, and malicious conduct, Plaintiff was unreasonably seized, deprived of his liberty and property, compelled to hire an attorney at his personal expense, made to endure the rigors of protracted criminal prosecution, and suspended from his usual employment, resulting in significant lost income.

## COUNT III
### Steven Wiggs v. Donald Foley and David Shearn
### 42 U.S.C. §1983 – Conspiracy to Commit Malicious Prosecution and Wrongful Arrest

33. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

34. By and through their acts and omissions, as previously described, Defendants acted in concert with each other in a conspiracy to maliciously prosecute and wrongfully

arrest the Plaintiff in violation of his right to be free from unreasonable seizure as established by the Fourth Amendment to the U.S. Constitution.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests:

A. Compensatory damages;

B. Punitive damages;

C. Attorney's fees; and,

D. Such other relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Steven Wiggs hereby demands a trial by jury in this action of all issues so triable.

Respectfully Submitted,

By: _____
Benjamin J. Simmons, Esq.
I.D. No. 314855
DEFINO LAW ASSOCIATES, P.C.
2541 S. Broad St.
Philadelphia, PA 19148
Ph: (215) 551-9099
Fax: (215) 551-4099