# First Judicial District of Pennsylvania

*02020202*
*Steven Ahmad Wiggs*

_____

*Hearing Volume 1*
*April 19, 2018*



_____

*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

*Original File wiggs.txt.prn, 0 Pages*
*CRS Catalog ID: 18060222*

## Page 1

```
[1]
[2]            IN THE COURT OF COMMON PLEAS
[3]        FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
[4]              CRIMINAL TRIAL DIVISION
[5]                       ---
[6]
[7] COMMONWEALTH         :   CITATION NO: P958ZKSKDX7
[8] VS.                  :
[9] STEVEN AHMAD WIGGS   :
[10]                      ---
[11]                 COURTROOM 1
[12]             800 SPRING GARDEN STREET
[13]            PHILADELPHIA, PENNSYLVANIA
[14]                      ---
[15]
[16]            THURSDAY, APRIL 19, 2018
[17]                      ---
[18]
[19] B E F O R E: HEARING OFFICER STEPHANIE EBERT, ESQUIRE
[20]
[21]                      ---
[22]              TRAFFIC COURT HEARING
[23]                      ---
[24]
[25]
```

## Page 2

```
[1] PRESENT:
[2]
[3]    STEVEN AHMAD WIGGS
[4]    Defendant
[5]
[6]
[7]
[8]
[9]
[10]
[11] APPEARANCES:
[12]
[13]    TROOPER DONALD J. FOLEY
[14]    For the Commonwealth
[15]
[16]
[17]
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]
```

## Page 3

```
[1]                       - - -
[2]                  PROCEEDINGS
[3]                       - - -
[4]      (The hearing began at 10:26 p.m.)
[5]         COURT OFFICER: What's your last name?
[6]         MR. WIGGS: Wigs (ph).
[7]         THE COURT: Wigs? W --
[8]         MR. WIGGS: W-I --
[9]         THE COURT: I'm sorry?
[10]        MR. WIGGS: -- W-I-G-G-S (ph).
[11]        THE COURT: W-I-G-G-S, okay. All right,
[12] this is the Commonwealth vs. Wiggs. Mr. Wiggs,
[13] you're here today regarding one traffic citation,
[14] and you're coming to trial to plead not guilty; is
[15] that correct?
[16]        MR. WIGGS: Yes, ma'am.
[17]        THE COURT: All right. You're going to
[18] give testimony.
[19]   (The defendant was sworn and/or affirmed)
[20]        THE COURT: All right, the trooper will
[21] read the citation, and then you'll have an
[22] opportunity to present your defense.
[23]        MR. FOLEY: All right. On 1/13/2018, at 8
[24] a.m., a Saturday, the defendant, Mr. Wiggs, was
[25] cited with 4571(b)(2), visual and audible signals on
```

## Page 4

```
[1] emergency vehicles, and that he operated a non-
[2] designated vehicle with red and blue revolving or
[3] flashing lights.
[4]        During the weekend of 1/13/18, several PSP
[5] members came in contact with Wiggs, who was
[6] operating a private vehicle with emergency lights
[7] and siren.
[8]        Wiggs is a constable and -- and his
[9] vehicle is equipped with emergency lightings -- or
[10] emergency lighting, in violation of the statute.
[11]        THE COURT: Okay. Okay, sir, what's your
[12] defense to this citation?
[13]        MR. WIGGS: The vehicle is an agency
[14] vehicle. We are recognized as an agency. We are
[15] recognized as police officers, and I have
[16] documentation identifying us as such.
[17]        THE COURT: Okay. What documentation is
[18] that, and where is it from?
[19]        MR. WIGGS: It's coming from our solicitor
[20] from the Fraternal Order, Ron Flevin (ph), and --
[21]        THE COURT: Who?
[22]        MR. WIGGS: Ron -- Ron Clevin (ph). He's
[23] our lawyer. And he's outlined items and booklets
[24] for --
[25]        MR. FOLEY: Objection --
```

Page 5

[1] **THE COURT**: Okay.
[2] **MR. FOLEY**: -- for the foundation.
[3] **THE COURT**: Okay. So, this vehicle -- let
[4] me just -- where is this vehicle from? Is this
[5] vehicle registered in a different county?
[6] **MR. WIGGS**: Uh --
[7] **THE COURT**: Are you coming in from another
[8] county?
[9] **MR. WIGGS**: -- another county, yes.
[10] **THE COURT**: Does another county allow you
[11] have to this type of equipment on your vehicle? You
[12] have to have doc -- not documentation -- you'd have
[13] to have an ordinance or a law from the county from
[14] where you reside or the vehicles from -- that allows
[15] this vehicle to do the type of work that you're
[16] doing -- to have this type of equipment on it.
[17] **MR. WIGGS**: At this point, in regards to
[18] the vehicle itself, we're recognized as police
[19] officers and we're recognized -- due to the fact
[20] that we're recognized as police officers, we're
[21] recognized under Section 4571 as police officers.
[22] Due to the nature of the vehicle itself,
[23] the state -- the state or county and the city do not
[24] provide our equipment. They don't provide our
[25] equipment, so, we have to buy the equipment

Page 6

[1] ourselves. And --
[2] **THE COURT**: What is the authority under
[3] which you're recognized as a police officer?
[4] **MR. WIGGS**: Can I hand it to you --
[5] **THE COURT**: Yes. It --
[6] **MR. WIGGS**: -- (inaudible).
[7] **THE COURT**: -- it has to be an ordinance
[8] or case law.
[9] **MR. WIGGS**: Right, it's case law here --
[10] **THE COURT**: Okay.
[11] **MR. WIGGS**: -- that recognizes us as
[12] police officers. The orange booklet contains an
[13] official -- an official opinion from the Supreme
[14] Court of Pennsylvania, and the court case called at
[15] 147 -- case and reenact (ph) 147, the Supreme Court
[16] very --
[17] **THE COURT**: Just --
[18] **MR. WIGGS**: -- (unintelligible).
[19] **THE COURT**: -- do you have the case? Just
[20] hand me the case.
[21] **MR. WIGGS**: I'm sorry. I'm sorry.
[22] **THE COURT**: That's okay. We're used to
[23] reading those things, but --
[24] **MR. WIGGS**: I know. I'm sorry.
[25] **THE COURT**: -- a civilian is not. So, do

Page 7

[1] you just have the case?
[2] **MR. WIGGS**: So --
[3] **THE COURT**: Can I see the case?
[4] **MR. WIGGS**: -- here is --
[5] **THE COURT**: Trooper, have you read the
[6] case?
[7] **MR. FOLEY**: Well, the Commonwealth does
[8] have court precedent from the Pennsylvania Supreme
[9] Court indicating that -- well, actually, their
[10] opinion is that, no, they do not -- they do not fall
[11] under police officers. They do not fall --
[12] **MR. WIGGS**: Okay. I'm sorry.
[13] **MR. FOLEY**: -- under --
[14] **THE COURT**: Okay, so, I'd like your --
[15] **MR. WIGGS**: I'm sorry.
[16] **THE COURT**: -- competing opinion.
[17] **MR. FOLEY**: That the constables, because
[18] they do not answer to any municipality, city or the
[19] state or the judiciary act as independent
[20] contractors for the judiciary when the judiciary
[21] needs it.
[22] **THE COURT**: Okay.
[23] **MR. FOLEY**: They do not, under
[24] Commonwealth vs. -- I believe it's Leap (ph), also
[25] cited in that brief, that they do not hold the

Page 8

[1] authority of police officers or of sheriffs.
[2] **THE COURT**: Okay. All right, so, what I'm
[3] going to ask you both to do, I'm going to ask you to
[4] leave the courtroom. I'm going to have to read this
[5] material before I can make my decision.
[6] **MR. FOLEY**: The Commonwealth also has
[7] other precedents to --
[8] **THE COURT**: I'd like to --
[9] **MR. FOLEY**: -- substantiate the --
[10] **THE COURT**: -- any precedent that you
[11] have, please hand it up.
[12] **MR. WIGGS**: This is --
[13] **THE COURT**: Thank you.
[14] **MR. WIGGS**: -- right there --
[15] **THE COURT**: Okay. I'm going to review
[16] this material. Just have a seat out there, and it
[17] will take me a few minutes.
[18] **MR. WIGGS**: Do you mind if I hand you this
[19] real --
[20] **THE COURT**: Yes.
[21] **MR. WIGGS**: -- quick -- outlines the
[22] booklets that I gave you.
[23] **THE COURT**: Okay, that's fine. Okay,
[24] great. Thank you.
[25] **MR. FOLEY**: May I, just as far as -- make

Page 9

[1] a quick -- information off a statute based on
[2] emergency vehicle definitions, emergency response
[3] personnel?
[4]     **THE COURT**: Okay.
[5]     **MR. FOLEY**: The definitions of Title 75,
[6] and also of the statute that's cited --
[7]     **THE COURT**: Okay.
[8]     **MR. FOLEY**: -- where constables are not --
[9]     **THE COURT**: Is it anything --
[10]     **MR. FOLEY**: -- indicat--
[11]     **THE COURT**: -- different than what I have
[12] in front of me?
[13]     **MR. FOLEY**: -- I don't believe so.
[14]     **THE COURT**: Is it Title 75?
[15]     **MR. FOLEY**: It is, but --
[16]     **THE COURT**: Okay. I'm --
[17]     **MR. FOLEY**: -- what -- within the -
[18]     **THE COURT**: -- going to read that, as
[19] well.
[20]     **MR. FOLEY**: -- definitions -- okay.
[21]     **THE COURT**: Okay?
[22]     **MR. FOLEY**: Thank you.
[23] (The hearing was recessed at 10:31 a.m. and resumed at
[24]     10:41 a.m.)
[25]     **THE COURT**: Come on back in, Mr. Wiggs.

Page 10

[1] Have a seat. Okay, so, I've read through this
[2] material and there's one factual issue that needs to
[3] be determined that I think is conclusive of whether
[4] or not a violation was committed.
[5]     What was the reason for you having your
[6] lights on?
[7]     **MR. WIGGS**: Basically, there was a vehicle
[8] off to the side of the road, on the highway of 95
[9] South, and there's a direct order given to us as
[10] constables by the Supreme Court that directs the
[11] constable to protect the citizens.
[12]     And I was doing just that as I pulled over
[13] to assure the safety of the citizen, called in the
[14] state troopers, allowed them to know what was going
[15] on.
[16]     I activated my emergency lighting for our
[17] safety, for my safety, as well as the motorist.
[18] And, upon -- upon that time, before that female,
[19] there was another motorist before that that was off
[20] to the side of the road.
[21]     And I pulled over at that point in time to
[22] assure their safety. That person said he was a
[23] male. When the trooper, a female, showed up, I gave
[24] my thumbs up, she gave her thumbs up, and I pulled
[25] off.

Page 11

[1]     When I pulled off, I seen another vehicle
[2] off to the side of the road. See, as an elected
[3] official, I run the 16th Ward, South Side (ph)
[4] Allentown.
[5]     **THE COURT**: Okay.
[6]     **MR. WIGGS**: Right?
[7]     **THE COURT**: And that's the point. That's
[8] where the issue comes in here. You did not have
[9] authority to turn on your signals in this instance,
[10] okay? So, I am going to find against you in this
[11] case. It does carry a fine of $184.50, but there
[12] are no points or any other ramifications. It's a
[13] fine only, of $184.50.
[14]     Okay, and you do have the right to an
[15] appeal. You have 30 days to take an appeal. It
[16] costs $35, but it will provide you with a new trial,
[17] and the officer that wrote the citation will be here
[18] to testify against you.
[19]     The issue here is not -- my issue here is
[20] whether or not you were authorized to have the
[21] lights on in this county at that time, for that
[22] purpose, and I find that you did not.
[23]     **MR. WIGGS**: Because of -- well, if I may,
[24] in the nature of our existence, we are state
[25] constables. We -- we belong to the executive branch

Page 12

[1] of state government, and therefore, you know, we
[2] have authority to protect the citizens throughout
[3] the state, not just the county of which we are
[4] elected.
[5]     You know, and with that vehicle, you know,
[6] being off to the side of the road, you know, I did
[7] just that, and -- and the idea of protecting that
[8] citizen.
[9]     **THE COURT**: Okay. I disagree with your
[10] actions. I don't believe that they were appropriate
[11] in turning your lights on in this situation. You
[12] have the absolute right to disagree with my opinion
[13] and you have a right to file an appeal, which, if
[14] you disagree with me, I suggest that you do.
[15]     **MR. WIGGS**: Okay. So, are you -- are you
[16] saying that the vehicle its-- I didn't have
[17] authority to activate my lights -- you're saying I
[18] didn't have the authority to activate my lights here
[19] in this area -- is what you're saying?
[20]     **THE COURT**: In this instance, under these
[21] circumstances.
[22]     **MR. WIGGS**: Under --
[23]     **THE COURT**: That's correct.
[24]     **MR. WIGGS**: -- under these -- so, if a
[25] motorist is off to the side of the road, you know,

Page 13

[1] like any trooper --
[2]     **THE COURT**: I can't answer any
[3] hypotheticals.
[4]     **MR. WIGGS**: -- okay.
[5]     **THE COURT**: Because every situation --
[6]     **MR. WIGGS**: Right.
[7]     **THE COURT**: -- is very different.
[8]     **MR. WIGGS**: Right. I mean, you know, um,
[9] so --
[10]     **THE COURT**: Hold on one second. I need to
[11] -- they brought me plea bargains. I need to find
[12] (inaudible).
[13]     (Brief pause in proceedings)
[14]     **THE COURT**: There could be another
[15] instance or circumstances where it would be
[16] appropriate to have your lights on, but this one, it
[17] was not.
[18]     **MR. WIGGS**: Any trooper would turn on
[19] their lights if they were assisting a motorist out
[20] there on the road. The state recognizes me as a
[21] police officer. The Federal Court recognizes us as
[22] police officers.
[23]     And the Supreme Court system charges the
[24] constable with the protection of its citizens. And,
[25] as such, I did exactly what it was that I --

Page 14

[1]     **THE COURT**: Okay. You're recognized as a
[2] peace officer, which is similar, but there are
[3] differences. I disagree with your analysis of this,
[4] and you have every right to file an appeal.
[5]     And what I'll do is, I'll give you 30 days
[6] to either pay your fine or file the appeal, and then
[7] you can make that argument in front of another
[8] judge, and it may be successful. I don't know if
[9] it's going to be or not.
[10]     But you have that right to do so, okay?
[11] So, you have until 5/19. The 19th is actually a
[12] Saturday, so, technically, under the Rules of Civil
[13] Procedure, you will have until the 21st of May to
[14] file an appeal or pay your fine. All right, so --
[15]     **MR. WIGGS**: Wait. To be clear --
[16]     **THE COURT**: -- yes.
[17]     **MR. WIGGS**: -- if it was a traffic
[18] accident, that's a different case, is what you're
[19] saying?
[20]     **THE COURT**: No, that is not what I'm
[21] saying. I'm not saying that at all. I'm silent on
[22] that issue. I'm not answering that question because
[23] it's not before me.
[24]     **MR. WIGGS**: Mm-hm.
[25]     **THE COURT**: Could you please sign that?

Page 15

[1] This is you acknowledging receipt of that order.
[2] You're not acknowledging guilt. If you choose to
[3] take an appeal within the next 30 days, you'll take
[4] an appeal from that order.
[5]     (Brief pause in proceedings)
[6]     **MR. WIGGS**: What's today?
[7]     **THE COURT**: Today's the 19th.
[8]     **MR. WIGGS**: 4/19?
[9]     **THE COURT**: Yes.
[10]     **MR. WIGGS**: Do you want me to put it in --
[11]     **THE COURT**: I'll give you the top copy
[12] there, and I'm going to write up a 30 day order for
[13] the payment of the fine. Again, if you want to file
[14] an appeal, you have those 30 days to do so.
[15]     You don't have to pay the fine if you file
[16] an appeal, okay?
[17]     **MR. WIGGS**: Right.
[18]     **THE COURT**: Have a seat right out there.
[19] They'll take you out to the cashier.
[20]     **MR. FOLEY**: Quick question for you, sir.
[21] There's an issue -- actually, several issues.
[22] First, do you have a concealed weapons permit for
[23] Pennsylvania?
[24]     **MR. WIGGS**: Why would I need a concealed
[25] weapons permit?

Page 16

[1]     **MR. FOLEY**: Because your certification to
[2] carry a firearm as a constable is not valid.
[3]     **MR. WIGGS**: What do you mean?
[4]     **MR. FOLEY**: That is from the training
[5] commission and from the state database. You are not
[6] authorized to carry a firearm in performance of your
[7] duties.
[8]     **MR. WIGGS**: My -- my license is actually
[9] up to date.
[10]     (Brief pause in proceedings)
[11]     **MR. WIGGS**: My license is up to date. I
[12] don't know --
[13]     **MR. FOLEY**: This is coming from the
[14] constable's training and education board --
[15]     **MR. WIGGS**: I have --
[16]     **MR. FOLEY**: -- via the certified J-Net
[17] (ph) records department --
[18]     **MR. WIGGS**: -- um --
[19]     **MR. FOLEY**: -- records system.
[20]     **MR. WIGGS**: -- my -- my identification.
[21]     **MR. FOLEY**: I also spoke with Sherry
[22] Leffay (ph) who is the director of training and
[23] education for the constable's board.
[24]     **MR. WIGGS**: Uh-huh.
[25]     **MR. FOLEY**: She also confirmed that you're

[1] not authorized to carry a firearm.
[2]     **MR. WIGGS**: Um, see --
[3]     **MR. FOLEY**: Whether -- whether --
[4]     **MR. WIGGS**: -- other -- when --
[5]     **MR. FOLEY**: -- whether open or concealed.
[6] Your --
[7]     **MR. WIGGS**: -- I'm sorry, but --
[8]     **MR. FOLEY**: -- your former -- you had a
[9] concealed weapons permit that is expired as of 6/22
[10] --
[11]     **MR. WIGGS**: Yeah, but --
[12]     **MR. FOLEY**: -- 2016.
[13]     **MR. WIGGS**: -- under -- this right here is
[14] in regards to the constable carrying for court-
[15] related purposes.
[16]     **MR. FOLEY**: No, for any purpose.
[17]     **MR. WIGGS**: So, that -- that's --
[18]     **MR. FOLEY**: This is -- this is a -- that
[19] is a certification off of your constable number.
[20]     **MR. WIGGS**: -- for court-related --
[21]     **MR. FOLEY**: No.
[22]     **MR. WIGGS**: -- purposes.
[23]     **MR. FOLEY**: For any -- any purposes while
[24] in uniform, in performance of your duties. You're
[25] obviously wearing your uniform.

[1]     **MR. WIGGS**: Right. And when I'm
[2] performing as a constable --
[3]     **MR. FOLEY**: What are you --
[4]     **MR. WIGGS**: -- you know --
[5]     **MR. FOLEY**: -- what are you doing right
[6] now?
[7]     **MR. WIGGS**: -- right now --
[8]     **MR. FOLEY**: You're -- you're --
[9]     **MR. WIGGS**: -- you know, I -- I was --
[10]     **MR. FOLEY**: -- displaying badge and
[11] authority.
[12]     **MR. WIGGS**: -- right, because I am who I
[13] am, and I still perform peacekeeping services.
[14]     **MR. FOLEY**: Okay, then --
[15]     **MR. WIGGS**: You know, so --
[16]     **MR. FOLEY**: -- you're performing your
[17] duties during peacekeeping services, right?
[18]     **MR. WIGGS**: Right, you know --
[19]     **MR. FOLEY**: So, you're --
[20]     **MR. WIGGS**: -- and I have --
[21]     **MR. FOLEY**: -- but, off of the state, and
[22] off the constable's training commission, you're not
[23] authorized -- you're not certified to carry a
[24] firearm.
[25]     **MR. WIGGS**: That is not what my card says.

[1] That is --
[2]     **MR. FOLEY**: That's what the bureau that
[3] handles --
[4]     **MR. WIGGS**: -- hold on.
[5]     **MR. FOLEY**: -- it all --
[6]     **MR. WIGGS**: Where is my card? My card
[7] must be (inaudible). Where is my card?
[8]     **MR. FOLEY**: -- but you don't -- it's my
[9] understanding you don't have a concealed weapons
[10] permit for the Commonwealth.
[11]     **MR. WIGGS**: Because I didn't need one, and
[12] under the constable's office, I'm allowed to carry
[13] my weapon as a constable.
[14]     **MR. FOLEY**: Not anymore.
[15]     **MR. WIGGS**: That is not -- that's not --
[16] that's not valid. Where is my card? That's not
[17] valid.
[18]     **UNKNOWN SPEAKER**: Even -- even if you
[19] produce a valid car, this was verified, okay? Your
[20] card itself you got issued well before any of this
[21] happened.
[22]     **MR. WIGGS**: Mm-hm.
[23]     **UNKNOWN SPEAKER**: So, you know --
[24]     **MR. WIGGS**: Under this office, you know,
[25] for my identification as a constable, I'm allowed to

[1] carry my weapon. You know, that -- in regards to
[2] PCCD, that is for court-related purposes. P --
[3]     **MR. FOLEY**: For any --
[4]     **MR. WIGGS**: -- CCD --
[5]     **MR. FOLEY**: For any purposes.
[6]     **MR. WIGGS**: -- PCCD trains us in the ideas
[7] of court-related purposes.
[8]     **MR. FOLEY**: Here, here's the -- here's the
[9] rules and regulations. You show me where it's just
[10] court purposes, and I'll be glad to show you where
[11] it says firearms --
[12]     **UNKNOWN SPEAKER**: And even --
[13]     **MR. FOLEY**: -- (unintelligible)
[14] commission.
[15]     **UNKNOWN SPEAKER**: -- even if it was for
[16] court-related purposes, okay, the minute you are not
[17] in court-related purposes, you're acting at that
[18] point as a civilian if you're not authorized --
[19]     **MR. WIGGS**: Um --
[20]     **UNKNOWN SPEAKER**: -- if you're not
[21] authorized to carry.
[22]     **MR. WIGGS**: -- you know, when -- when
[23] we're working as peace -- in a peacekeeping
[24] function, that doesn't have anything to do with
[25] court, you know, so, that is directly to the

Page 21

[1] constable's office itself, you know.
[2] And I'm the constable of the 16th Ward,
[3] you know, and, under the constable's office, I carry
[4] my weapon. That is my --
[5] **UNKNOWN SPEAKER**: Well -- well --
[6] **MR. WIGGS**: -- (unintelligible) carry --
[7] **UNKNOWN SPEAKER**: -- we're trying to
[8] explain -- what we're trying to explain to you is,
[9] your authority to carry as a constable, at any
[10] function, whether it be court-related purposes or if
[11] you're going to the supermarket or if -- any related
[12] --
[13] **MR. WIGGS**: How --
[14] **UNKNOWN SPEAKER**: -- function whatsoever
[15] is no longer valid, according to the Constable
[16] Association, okay? Now --
[17] **MR. WIGGS**: -- according to the Constable
[18] Association.
[19] **UNKNOWN SPEAKER**: -- according to this,
[20] out of Lehigh County --
[21] **MR. FOLEY**: The PCCD.
[22] **UNKNOWN SPEAKER**: -- okay?
[23] **MR. WIGGS**: PCCD.
[24] **UNKNOWN SPEAKER**: Yeah. You are
[25] unauthorized to carry a weapon. Now --

Page 22

[1] **MR. WIGGS**: For court-related purposes.
[2] **UNKNOWN SPEAKER**: -- no, period.
[3] **MR. FOLEY**: Constable purposes.
[4] **UNKNOWN SPEAKER**: Now, if you -- if you
[5] had a permit to carry, okay, and you were --
[6] **MR. WIGGS**: But, see, I --
[7] **MR. FOLEY**: I mean, I'm trying to give you
[8] the chance to show me something else that would --
[9] would, under my interpretation of the law, would --
[10] would allow you to carry. That's why I'm asking for
[11] a concealed weapons permit.
[12] **MR. WIGGS**: It says -- when it comes down
[13] to the constable's office, you know, we carry -- we
[14] carry -- outside the court system, we carry, under
[15] the -- under our identification.
[16] And my identification is -- I just -- I
[17] just --
[18] **UNKNOWN SPEAKER**: But that's -- that's
[19] what -- that's what we're saying here. This
[20] document --
[21] **MR. WIGGS**: No, that --
[22] **UNKNOWN SPEAKER**: -- is telling --
[23] **MR. FOLEY**: So --
[24] **UNKNOWN SPEAKER**: -- you that you are not
[25] valid to carry a --

Page 23

[1] **MR. WIGGS**: No.
[2] **UNKNOWN SPEAKER**: -- weapon.
[3] **MR. WIGGS**: This document is telling you
[4] that I'm not valid to work for the court.
[5] **MR. FOLEY**: Okay. Firearms training is
[6] optional, as constables are not required to carry
[7] firearms in the performance of their duties.
[8] **MR. WIGGS**: In the (inaudible).
[9] **MR. FOLEY**: However, Act 49 mandates
[10] firearms training and certification for any
[11] constable who intends to carry a firearm during the
[12] performance of his or her constable duties.
[13] **MR. WIGGS**: Okay.
[14] **MR. FOLEY**: PA --
[15] **MR. WIGGS**: During -- during the
[16] performance of --
[17] **MR. FOLEY**: -- Title 44, 7148.
[18] **MR. WIGGS**: -- okay.
[19] **MR. FOLEY**: There's nothing about court.
[20] In performance of your -- of duties.
[21] **MR. WIGGS**: Okay, and --
[22] **MR. FOLEY**: That's plain as day.
[23] **MR. WIGGS**: -- so, I work -- I worked in -
[24] -
[25] **MR. FOLEY**: So, what's going to happen

Page 24

[1] right now is, you are not leaving with that firearm,
[2] all right? I am seizing the firearm, based on
[3] investigation.
[4] I'm going to let you leave today, and I'm
[5] going to talk to the District Attorney's Office
[6] about filing charges on you, all right? That's
[7] what's happening.
[8] **MR. WIGGS**: You've got to be kidding me,
[9] man. You know, like, this is -- this is not right.
[10] This is not right.
[11] **UNKNOWN SPEAKER**: Do you have the key to
[12] the locker where your firearm is, sir?
[13] **MR. WIGGS**: Yes, I do.
[14] **MR. FOLEY**: All right.
[15] **UNKNOWN SPEAKER**: We're going to need you
[16] to produce it.
[17] (Brief pause in proceedings)
[18] **MR. FOLEY**: Do you have any questions?
[19] Obviously, you have concerns, but do you have any
[20] questions?
[21] **MR. WIGGS**: You know, this -- this is --
[22] this is absurd, man, you know.
[23] **MR. FOLEY**: Well, I understand that you're
[24] an elected constable. You're out --
[25] **MR. WIGGS**: Yeah, I --

Page 25

[1] **MR. FOLEY**: -- it's my opinion, under the
[2] law, that you're acting outside the scope of what
[3] you're permitted to do.  So, the judge thought that
[4] as well, so, that's why she found you guilty --
[5] **MR. WIGGS**: I -- you know --
[6] **MR. FOLEY**: -- of the traffic violation.
[7] **MR. WIGGS**: -- I mean --
[8] **MR. FOLEY**: That's why I'm seizing the
[9] gun.
[10] **MR. WIGGS**: -- the reason, you know, the -
[11] - of the traffic thing, you know, I mean, I was
[12] doing -- within the scope of the power of the
[13] constable to protect citizens, you know --
[14] **MR. FOLEY**: The judge didn't --
[15] **MR. WIGGS**: -- and --
[16] **MR. FOLEY**: -- agree, so, you can grab
[17] your stuff.  We're going to go over to the lockbox.
[18] **SHERIFF**: (Unintelligible) the key.
[19] **MR. FOLEY**: You got a -- you dropped one
[20] on the --
[21] **SHERIFF**: Yeah, just get the key and then
[22] -- I don't want to be back there --
[23] **MR. FOLEY**: Okay, that's fine.
[24] **SHERIFF**: -- (inaudible).
[25] **MR. FOLEY**: Sir, do you have the key?

Page 26

[1] **MR. WIGGS**: Yeah, I've got the key.  I am
[2] allowed to get the rest of my things, right?
[3] **SHERIFF**: You can get the rest of your
[4] things, but we just -- we'll just handle the firearm
[5] part.
[6] **MR. WIGGS**: Okay.
[7]
[8]   (The hearing was concluded at 10:58 a.m.)

Page 27

[1] CERTIFICATION
[2]     I, Doug Layne, the assigned transcriber,
[3] do hereby certify that the foregoing ER transcript
[4] of proceedings before the Court of Common Pleas,
[5] First Judicial District of Pennsylvania, April 19th,
[6] 2018 is prepared to the best of my ability, in full
[7] compliance with the current transcript format for
[8] the judicial proceedings and is a true and accurate
[9] transcription of the proceedings as recorded.
[10]
[11]         Doug Layne

# Lawyer's Notes

