## UNITED STATES COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN WIGGS : | |
| 718 South Woodward Street : | |
| Allentown, PA 18103 : | |
|     Plaintiff, : | No. 5:20-cv-02267 |
|     v. : | |
| DONALD FOLEY : | |
| 2201 Belmont Avenue : | |
| Philadelphia, PA 19131 : | |
|     and : | |
| DAVID SHEARN : | |
| 2201 Belmont Avenue : | |
| Philadelphia, PA 19131 : | |
|     Defendants. : | |

## PLAINTIFF'S AMENDED COMPLAINT IN CIVIL ACTION

### PRELIMINARY STATEMENT

1. This action is brought under 42 U.S.C. §1983 for deprivation of Plaintiff's civil rights under the Fourteenth and Fourth Amendments to the U.S. Constitution.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### PARTIES

3. Plaintiff Steven Wiggs is an adult individual with an address for service as captioned above, who at all times relevant to this action was a duly-elected Pennsylvania State Constable.

4. Defendant Donald Foley is an adult individual with an address for service as captioned above, who at all times relevant to this action was a Pennsylvania State Trooper acting under color of state law.

1

5. Defendant David Shearn is an adult individual with an address for service as captioned above, who at all times relevant to this action was a Pennsylvania State Police Corporal acting under color of state law.

## FACTUAL ALLEGATIONS

6. On January 13, 2018, Plaintiff was cited by the Pennsylvania State Police for an alleged motor vehicle violation pursuant to 75 Pa.C.S. §4571(b)(1).

7. On April 19, 2018, Plaintiff arrived at the Philadelphia Municipal Court Traffic Division to appear at a hearing regarding the above-referenced citation.

8. Plaintiff was wearing attire identifying himself as a Pennsylvania State Constable and carrying a firearm as legally authorized pursuant to 18 Pa.C.S. §6106(b)(1).

9. As required by the security policies of the Philadelphia Municipal Court Traffic Division, Plaintiff surrendered his firearm to the Sheriff's Deputies at the secured entrance to the court building for storage until he exited the building.

10. Plaintiff then attended the hearing in his motor vehicle violation case and testified in his own defense, during which time he repeatedly identified himself to the Traffic Division Hearing Officer as a Pennsylvania State Constable.

11. On or about July 13, 2018, Defendant Foley prepared and submitted an Affidavit of Probable Cause to the Philadelphia District Attorney's Office ("DAO") seeking a warrant for the Plaintiff's arrest.

12. The Affidavit prepared and submitted by Defendant Foley contained numerous false statements of fact and misrepresentations of the law supporting the basis for Defendant Foley's allegations against the Plaintiff, including, *inter alia*, that Plaintiff

2

had falsely represented himself as a police officer at the hearing in his case, and that Plaintiff was not legally authorized to carry a firearm, despite the clear mandate of the permitting exception enumerated at 18 Pa.C.S. §6106(b)(1).

13. A warrant for Plaintiff's arrest was issued on the basis of Defendant Foley's Affidavit, and the Plaintiff was arrested on July 18, 2018, charged with violations of the Pennsylvania Uniform Firearms Act ("UFA") and Impersonating a Public Servant, and had his firearm confiscated.

14. Plaintiff's bail was set at $25,000.00, and he was made to sign a $25,000.00 bond, subject to forfeit if he did not attend all scheduled pre-trial court appearances.

15. At the Preliminary Hearing in that case – Philadelphia Municipal Court docket number MC-51-CR-0018498-2018 (the "First Case") – the charge of Impersonating a Public Servant was dismissed for lack of evidence, but the charges alleging violations of the UFA were held for court.

16. At the Preliminary Hearing in the First Case, Defendant Foley falsely testified that Plaintiff was not legally authorized to carry a firearm, despite the clear mandate of the permitting exception enumerated at 18 Pa.C.S. §6106(b)(1).

17. On September 23, 2018, Plaintiff received notice from a Constable who provided security officers for the Wyoming Area School District in Northeast Pennsylvania – for whom Plaintiff had previously worked and intended to again work in the future – that he was being suspended from his employment and/or contract to work with the School District due to the pending charges against him.

18. These pending charges were the sole basis for the Plaintiff's suspension from his usual employment, and Plaintiff had every reason to believe that he would otherwise have been re-hired for the school year.

19. A Pre-Trial Conference in the First Case was scheduled for September 27, 2018, and Plaintiff arrived at the Stout Center for Criminal Justice in Philadelphia on that day wearing a firearm – again, as authorized by Pennsylvania law – and checked it with the Sheriff's Deputies at the secured entrance to the court building for storage until he exited the building.

20. Upon the conclusion of the Pre-Trial Conference, as Plaintiff was exiting the building, Defendant Shearn arrested the Plaintiff or caused the Plaintiff to be arrested once again, took him into custody, and confiscated his vehicle and firearm.

21. Defendant Shearn thereafter submitted an Arrest Report to the DAO, seeking criminal charges against the Plaintiff, which again contained multiple false statements of fact and misrepresentations of the law supporting the basis for Defendant Shearn's allegations against the Plaintiff, including, *inter alia*, that Plaintiff had falsely represented himself as a police officer and was not legally authorized to carry a firearm, despite the clear mandate of the permitting exception enumerated at 18 Pa.C.S. §6106(b)(1).

22. Moreover, Defendant Shearn accused Plaintiff of Impersonating a Public Servant without any evidence to establish probable cause that Plaintiff had "intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice[,]" which is a necessary element of the offense under 18 Pa.C.S. §4912.

4

23. Plaintiff was again charged, on the basis of Defendant Shearn's Affidavit, with violations of the UFA and Impersonating a Public Servant under Philadelphia Municipal Court docket number MC-51-CR-0024936-2018 (the "Second Case").

24. Plaintiff's bail was again set at $25,000.00 on the Second Case, and he was required to secure a third-party bond in order to be released.

25. On January 17, 2019, Judge Scott DiClaudio of the Philadelphia Court of Common Pleas found there was insufficient evidence to establish even a *prima facie* case against the Plaintiff in the First Case, and the remaining charges against the Plaintiff were Quashed under docket number CP-51-CR-0005916-2018.

26. On June 18, 2019, the DAO determined there was no ongoing basis in law or fact to pursue charges in the Second Case and *nolle prossed* all remaining charges before Judge Shanese Johnson in the Philadelphia Court of Common Pleas under docket number CP-51-CR-0008072-2018.

27. The Defendants retained possession of Plaintiff's firearms and vehicle until a number of weeks after the disposition of the Second Case, despite an Order from the Court of Common Pleas compelling their return.

28. Plaintiff had his required firearms training certifications at all times relevant to the events giving rise to this action, but his certification to perform "judicial duties" as a Constable had been suspended due to a lapse in his liability insurance.

### CLAIMS FOR RELIEF

### COUNT I
### Steven Wiggs v. Donald Foley
### 42 U.S.C. §1983 – Malicious Prosecution and Wrongful Arrest

29. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

30. Defendant Donald Foley was at all times relevant to this action acting under color of state law as a Pennsylvania State Police Trooper.

31. Defendant's willful, wanton, and malicious conduct consisted of the following, without limitation:

   a. Preparing and submitting a falsified Affidavit of Probable Cause to the Philadelphia District Attorney's Office in an effort to secure the arrest, charging, and prosecution of the Plaintiff;

   b. Providing false testimony at the Preliminary Hearing in the First Case against the Plaintiff that the Plaintiff was not legally authorized to carry a firearm; and,

   c. Providing false testimony at the Preliminary Hearing in the First Case against the Plaintiff that the Plaintiff was not excepted from liability under 18 Pa.C.S. §6108 because he did not have insurance, despite the clear mandate of 18 Pa.C.S. §6106(b)(1).

32. In omitting any and all exculpatory information from the Affidavit of Probable Cause, Defendant Foley interfered with the independent judgment of the District Attorney's Office in its determination as to whether probable cause existed to charge the Plaintiff.

33. Defendant's conduct violated Plaintiff's civil rights as established by the Fourth Amendment to the U.S. Constitution.

34. As a direct and proximate result of Defendant's willful, wanton, and malicious conduct, Plaintiff was unreasonably seized, deprived of his liberty and property, compelled to hire an attorney at his personal expense, required to sign a $25,000.00 bond to secure his release, and suspended from his usual employment, resulting in significant lost income.

## COUNT II
## Steven Wiggs v. David Shearn
## 42 U.S.C. §1983 – Malicious Prosecution and Wrongful Arrest

35. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

36. Defendant David Shearn was at all times relevant to this action acting under color of state law as a Pennsylvania State Police Corporal.

37. Defendant's willful, wanton, and malicious conduct consisted of the following, without limitation:

   a. Preparing and submitting a falsified Arrest Report to the Philadelphia District Attorney's Office in an effort to secure the charging and prosecution of the Plaintiff;

   b. Arresting the Plaintiff without a warrant and without probable cause to believe the Plaintiff had committed an offense justifying a warrantless arrest; and,

   c. Submitting a charge of Impersonating a Public Servant to the District Attorney's Office without any evidence to establish a necessary element of that charge.

38. Defendant's conduct violated Plaintiff's civil rights as established by the Fourth Amendment to the U.S. Constitution.

39. As a direct and proximate result of Defendant's willful, wanton, and malicious conduct, Plaintiff was unreasonably seized, deprived of his liberty and property, compelled to hire an attorney at his personal expense, required to secure a $25,000.00 third-party bond in order to be released, and suspended from his usual employment, resulting in significant lost income.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests:

      A. Compensatory damages;

      B. Punitive damages;

      C. Attorney's fees; and,

      D. Such other relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Steven Wiggs hereby demands a trial by jury in this action of all issues so triable.

Respectfully Submitted,

By: _____
Benjamin J. Simmons, Esq.
I.D. No. 314855
DEFINO LAW ASSOCIATES, P.C.
2541 S. Broad St.
Philadelphia, PA 19148
Ph: (215) 551-9099
Fax: (215) 551-4099