UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

STEVEN WIGGS, :
    Plaintiff, :
     :
    v. : No. 5:20-cv-02267
     :
DONALD FOLEY and DAVID SHEARN :
    Defendants. :

**O P I N I O N**
Motion to Dismiss for Failure to State a Claim, ECF No. 17 – Granted

**Joseph F. Leeson, Jr.**                                                                                                                                                                               July 27, 2021
**United States District Judge**

## I.    INTRODUCTION

    Plaintiff Steven Wiggs filed the present action against Defendant Pennsylvania State Trooper Donald Foley and Pennsylvania State Police Corporal David Shearn, alleging claims under 42 U.S.C. § 1983 for malicious prosecution and false arrest. Defendants move to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, Foley and Shearn's motion to dismiss is granted in its entirety, and Wiggs' claims are dismissed with prejudice.

## II.    BACKGROUND[1]

    On January 13, 2018, Wiggs was cited by the Pennsylvania State Police for violating 75 Pa. Cons. Stat. § 4571(b)(1).[2] *See* Am. Compl. ¶ 6, ECF No. 15. Wiggs later appeared before

---

[1]    The background is taken primarily from allegations contained in Wiggs' Amended Complaint.

[2]    The statute addresses the use of "[v]isual and audible signals on emergency vehicles." *See* 75 Pa. Cons. Stat. § 4571. The relevant portion of the statute states that "[t]he combination of red and blue lights may be used only on police, sheriff, coroner, medical examiner or fire police vehicles." *See id.* § 4571(b)(1).

the Philadelphia Municipal Court Traffic Division regarding the violation. *See id.* ¶ 7. When he arrived at court, Wiggs alleges that he identified himself as a Pennsylvania State Constable and carried a firearm, which he surrendered to security before entering the courthouse. *See id.* ¶¶ 8-9. During the hearing, Wiggs continued to represent himself as a Pennsylvania State Constable to the Hearing Officer. *See id.* ¶ 10.

Following the hearing, Foley prepared an affidavit of probable cause for Wiggs' arrest. *See id.* ¶ 11. The Amended Complaint alleges that the affidavit contained two false statements of fact. *See id.* ¶ 12. First, Wiggs alleges the affidavit falsely represented that he identified himself as a police officer at the Traffic Division hearing. *See id.* Second, Wiggs claims the affidavit falsely states that Wiggs was without authorization to carry a firearm. *See id.* Based on the affidavit, a warrant was issued for Wiggs' arrest. *See id.* ¶ 13. He was subsequently arrested on July 18, 2018. *See id.* Wiggs was charged with violating the Pennsylvania Uniform Firearms Act ("PUFA") and impersonating a public servant.[3] *See id.* Wiggs' bail was set at $25,000.00, and he was made to sign a $25,000.00 bond, subject to forfeit if he did not attend all scheduled

---

[3] 18 Pa. Cons. Stat. § 4912 ("A person commits a misdemeanor of the second degree if he falsely pretends to hold a position in the public service with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice."); 18 Pa. Cons. Stat. § 6106(a)(1) ("[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree."); 18 Pa. Cons. Stat. § 6108 ("No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm; or (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).").

pretrial court appearances. *See id.* ¶ 14. Wiggs also had his firearm confiscated at the time of arrest. *See id.* ¶ 13.

Wiggs appeared for a preliminary hearing on these charges in Philadelphia Municipal Court. *See id.* ¶ 15. There, the impersonation charge was dismissed, but the PUFA violation was held for court. *See id.* As to the PUFA charge, the Amended Complaint alleges Foley falsely testified that Wiggs was without authorization to carry a firearm. *See id.* ¶ 16. As a result of the charges against him, Wiggs received notice that he was suspended from his employment. *See id.* ¶ 17. Wiggs alleged these pending charges were the sole basis for his suspension from his usual employment, and that he had "every reason to believe" he would otherwise be re-hired for the school year. *See id.* ¶ 18.

On September 27, 2018, a pretrial conference was held in Wiggs' case. *See id.* ¶ 19. Wiggs arrived at the Stout Center for Criminal Justice while carrying his firearm, which he surrendered to security when he entered the court building. *See id.* When Wiggs left the building following the hearing, Shearn arrested Wiggs, took him into custody, and confiscated his vehicle and firearm. *See id.* The Amended Complaint alleges Shearn submitted an arrest report that contained false statements of fact, including the misrepresentations that Wiggs falsely represented himself as a police officer and was not authorized to carry a firearm. *See id.* ¶ 21.

Following this second arrest, Wiggs was again charged with violation of the PUFA and impersonating a public servant. *See id.* ¶ 21. Wiggs alleged that Shearn accused him of impersonating a public servant without evidence to establish probable cause that Wiggs had the intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice. *See id.* ¶ 22 (quoting 18 Pa. Cons. Stat. § 4912).

On January 17, 2019, the PUFA charge that was held for court following Wiggs' first arrest was dismissed, leaving only the charges stemming from his second arrest.  *See id.* ¶ 25.  Then, on June 18, 2019, the charges stemming from Wiggs' second arrest were *nolle prossed*.  *See id.* ¶ 26.

Wiggs alleged that he had his required firearms training certification at all relevant times to this action.  *See id.* ¶ 28.  That said, Wiggs also states that his certification to perform "judicial duties" as a Constable had been suspended because of a lapse in his liability insurance.  *See id.*

Based on these allegations, Wiggs asserts that both Foley and Shearn maliciously prosecuted and falsely arrested Wiggs.  *See id.* ¶¶ 31, 37.  On May 13, 2020, Wiggs filed an initial Complaint.  *See* Compl., ECF No. 1.  Foley and Shearn moved to dismiss Wiggs' Complaint for failure to state a claim or, in the alternative, for summary judgment.  *See* Initial Mot. to Dismiss, ECF No. 11.  This Court issued an Opinion and Order, granting Defendants' motion and dismissing Wiggs' initial Complaint with leave to amend.  *See* Op. 02/09/21, ECF No. 13; Order 02/09/21, ECF No. 14.

On March 1, 2021, Wiggs filed an Amended Complaint.  *See* Am. Compl.  Defendants move to dismiss Wiggs' Amended Complaint for failure to state a claim.  *See* Mot. to Dismiss, ECF No. 16.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss for Failure to State a Claim – Review of Applicable Law

In deciding a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual

allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

It is well-settled that a court may look beyond the complaint in ruling on a motion to dismiss and consider "matters of public record, including court files and records, documents referenced in the complaint, and documents essential to a plaintiff's claims and attached to either the plaintiff's complaint or the moving defendants' Rule 12(b)(6) motions to dismiss." *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 303 (M.D. Pa. 2018) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Specifically, courts have looked to affidavits of probable cause when ruling on motions to dismiss. *See, e.g.*, *Lindenbaum v. Erenius*, No. 10-00285, 2010 WL 2375958, at *7 (E.D. Pa. June 10, 2010), *aff'd*, 433 F. App'x 119 (3d Cir. 2011) (dismissing plaintiff's complaint for failure to state a claim because "the

affidavit of probable cause contained sufficient information to allow the magistrate to determine probable cause."); *Smithwick v. Detective*, No. 2:18-CV-01057-MJH, 2019 WL 1458993, at *1 (W.D. Pa. Apr. 2, 2019) (dismissing plaintiff's complaint alleging malicious prosecution and false arrest after reviewing the affidavit of probable cause).

### B. Actions for Malicious Prosecutions – Review of Applicable Law

To state a claim for malicious prosecution, a plaintiff must show:

(1) "the defendants initiated a criminal proceeding;"

(2) "the proceeding "ended in plaintiff's favor;"

(3) "the proceeding was initiated without probable cause;"

(4) "the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice;" and

(5) "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

*Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)).

"Police officers (as opposed to prosecutors) may be liable for malicious prosecution if they 'conceal or misrepresent material facts' to the prosecutor." *Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 379 (E.D. Pa. 2018) (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014)).

Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). "[P]robable cause requires only 'a probability or substantial chance of criminal

activity, not an actual showing of such activity.'" *Peterson v. Att'y Gen. Pennsylvania*, 551 F. App'x 626, 629 (3d Cir. 2014) (quoting *United States v. Miknevich*, 638 F.3d 178, 185 (3d Cir. 2011)). The United States Supreme Court has explained that "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

### C. Actions for False Arrest – Review of Applicable Law

To make out a claim for false arrest, a plaintiff must show:

"(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;'" and

"(2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'"

*Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)).

"To prevail on a false arrest claim under Section 1983, a plaintiff must demonstrate that the police lacked probable cause to make the arrest." *Campeggio v. Upper Pottsgrove Township*, Civ. A. No. 14-1286, 2014 WL 4435396, at *4 (E.D. Pa. Sept. 8, 2014) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir.1995)). The proper inquiry is "whether the arresting officers had probable cause to believe the person arrested had committed the offense," whether or not the offense was actually committed. *See id.* (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "An officer has probable cause for an arrest 'when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to

warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *See id.* at *5 (citing *Orsatti*, 71 F.3d at 483).

## IV.  ANALYSIS

### A.  Wiggs' Claim of Malicious Prosecution Fails

Wiggs alleges claims of malicious prosecution against both Foley and Shearn.  Among other elements, a plaintiff seeking to state a claim for malicious prosecution under federal law must allege "the proceeding was initiated without probable cause." *Malcomb*, 535 F. App'x at 186 (quoting *Kossler*, 564 F.3d at 186).  Even if this Court assumes *arguendo* that Wiggs sufficiently alleges all other elements of a malicious prosecution claim, he fails to sufficiently allege this crucial element.

When a probable cause finding was made by a neutral magistrate in connection with a warrant application, a plaintiff must establish "first, that the officer, with at least a reckless disregard for the truth, 'made false statements or omissions that create[d] a falsehood in applying for a warrant,'" and second, "that those assertions or omissions were 'material, or necessary, to the finding of probable cause.'" *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468-69 (3d Cir. 2016) (quoting *Wilson*, 212 F.3d at 786-87).  Omissions are made with reckless disregard only if an officer withholds a fact "in his ken" that any "reasonable person would have known . . . [is] the kind of thing the judge would wish to know." *Dempsey*, 834 F.3d at 470 (quoting *Wilson*, 212 F.3d at 788) (internal quotation marks omitted).  Thus, the focus of the court's analysis is the "facts and circumstances within the officer's knowledge" at the time of the arrest, irrespective of later developments. *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

In *Douris v. Schweiker*, this Court explained that "what mattered" in determining whether the officer had probable cause to arrest an individual for impersonating a police officer was whether that individual "ever identified himself" as a police officer.  No. 02-CV-1749, 2003 WL

22533701, at *12 (E.D. Pa. Oct. 21, 2003), *aff'd sub nom.*, *Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004). Here, both the Foley affidavit and Shearn report make clear that Wiggs did, many times, identify himself as a police officer. *See* Foley's Aff. of Probable Cause ("Foley's Aff. PC"), ECF No. 16–2 ("His shirt displayed right and left shoulder patches identifying, 'PENNSYLVANIA STATE CONSTABLE,' on the upper portion, and 'POLICE,' on the lower rocker of the patch. Atop his shirt he wore a bullet proof vest with an identification patch affixed to the center front and back of the vest that read 'PA STATE CONSTABLE POLICE.' . . . WIGGS stood before the court and knowingly made statements claiming to be a police officer and did so while wearing an unofficial uniform declaring he was a police officer."); Shearn's Incident Report, ECF No. 16–5 ("While looking at WIGGS vehicle there was a Pennsylvania State Constable patch on the front driver side door and the front passenger door. The patch appeared to be altered and had the word Police tapped on the patch on the bottom of the patch. In addition there was a jacket and vest in the interior of the vehicle that also said POLICE.").[4] Accordingly, both the Foley affidavit and Shearn report contained sufficient information to allow a magistrate to find probable cause for Wiggs' arrest on the impersonation charge.

---

[4] Wiggs alleges that Defendants do not have a basis to conclude that Wiggs had the intent to persuade another to influence them to comply with his fraudulent authority. However, Foley notes, "WIGGS did falsely pretend to hold a position in public service that empowered him with police authority with the intent to persuade another, that being Hearing Officer EBERT. WIGGS did this in order to influence her, using the pretended police authority in an attempt to secure a not guilty disposition." *See* Foley's Aff. PC, 2. Foley further explains Wiggs' "fraudulent authority claim was his assertion to Hearing Office EBERT that he possessed the lawful authority to act as a police office." *Id.* Similarly, Shearn's report indicates that Wiggs arrived at the Stout Criminal Justice Center for a hearing in his case with a vehicle, jacket, and vest that all included the word "Police" on them. *See* Shearn Report 4. Accordingly, the respective reports contain sufficient information to allow a magistrate to find probable cause on the issue of Wiggs' intent that others submit to his fraudulent authority.

Wiggs also asserts that both Foley and Shearn falsely claimed in their respective reports that Wiggs was not legally authorized to carry a firearm. *See* Am. Compl. ¶ 26. Wiggs asserts that 18 Pa. Cons. Stat. § 6106(b)(1) "clearly" authorizes him to carry a firearm. *See id.* ¶ 21. Wiggs further alleges that he "had his required firearms training and certifications at all times relevant to the events giving rise to this action, but his certification to perform 'judicial duties' as a Constable had been suspended due to a lapse in his liability insurance." *See id.* ¶ 28. Notwithstanding, bald legal conclusions that the Defendants "falsified" affidavits or omitted material information, without more, cannot sustain Wiggs' claims against Foley and Shearn. In determining probable cause, this Court must consider only "the facts and circumstances within the arresting officer's knowledge." *See Merkle*, 211 F.3d at 788 (quoting *Orsatti*, 71 F.3d at 482). In his Affidavit of Probable Cause, Foley states "it was confirmed WIGGS was not certified as required by PA Supreme Court established PCCD regulations and certification requirements, to carry a firearm under the authority of his elected position." *See* Foley's Aff. PC 2. Similarly, Shearn indicates in his report that "Wiggs was no longer certified under Act 2009-49 to carry a firearm while performing the duties of constable." *See* Shearn's Incident Report 3.[5] Accordingly, at the time that the Defendants arrested Foley and Shearn, both were in possession of information that indicated Wiggs was unlicensed to carry a firearm. Therefore, both the Foley and Shearn reports contained sufficient information to allow a magistrate to find probable cause

---

[5] Wiggs solely alleges that Foley and Shearn falsely stated that Wiggs was unauthorized to carry a firearm despite 18 Pa. Cons. Stat § 6106(b)(1). Wiggs reaches the legal conclusion that § 6106(b)(1) provides him the unqualified right to carry a firearm as a constable. As this Court explained in its prior Opinion, that is simply not true. *See* Op. 02/09/21 at 12-13. Moreover, as both of the reports in this case indicate, the investigation performed by the Defendants returned a finding that Wiggs was not certified to carry a firearm. Wiggs does not allege that either Defendant falsified their investigation with the Pennsylvania Commission of Crime and Delinquency, or that they received incorrect results from that Commission.

for Wiggs' arrest on the firearm charge.  Accordingly, Wiggs' malicious prosecution claims are dismissed.

### B. Wiggs' False Arrest Claim Fails

Wiggs alleges claims of false arrest against both Foley and Shearn.  Defendants move to dismiss for failure to state a claim.  In his Amended Complaint, Wiggs makes no new allegations about his false arrest claims.  Thus, this Court grants Defendants' Motion to Dismiss and dismisses Wiggs' false arrest claims with prejudice.

To make out a claim for false arrest, Wiggs must allege that the Defendants "knowingly and deliberately, or with a reckless disregard for the truth," made false statements that created a material falsehood in the warrant for Wiggs' arrest.  *See Wilson*, 212 F.3d at 786-87 (quoting *Sherwood*, 113 F.3d at 399).  In a prior opinion, this court discussed, in great detail, the factual deficiencies of Wiggs' false arrest claims.  Even with this notice, Wiggs fails to allege sufficient facts in his Amended Complaint to support the legal conclusion that either Foley or Shearn acted knowingly, deliberately, or with reckless disregard for the truth.

Bald legal conclusions that the Defendants "falsified" affidavits, without more, cannot sustain Wiggs' claims against Foley and Shearn for false arrest.  As a result, the motion is granted with respect to Wiggs' false arrest claims against Foley and Shearn, and the claims are dismissed.

### V. CONCLUSION

Defendants' Motion to Dismiss Plaintiff Steven Wiggs' Amended Complaint is granted.  Wiggs has failed to allege facts sufficient to establish a claim upon which relief can be granted.  First, Wiggs has failed to allege facts sufficient to establish the proceeding was initiated without probable cause.  Thus, Wiggs' malicious prosecution claims fail.  Second, Wiggs has failed to allege any new facts to remedy his defective false arrest claims.  Thus, Wiggs' false arrest claims

also fail.  For these reasons, this Court grants Foley and Shearn's Motion to Dismiss the Amended Complaint.  Moreover, for the reasons discussed above, Wiggs' claims are dismissed with prejudice.[6]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[6] The dismissal is one with prejudice because to permit another amendment would be to work an inequity against Foley and Shearn. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  Wiggs was provided an opportunity to cure the defects in his original Complaint.  In dismissing his original Complaint, this Court indicated to Wiggs that he failed to allege facts sufficient to support his false arrest and malicious prosecution claims.  Despite notice, Wiggs failed to plead any new facts in his Amended Complaint that would cure the deficiencies outlined by this Court on his false arrest claim. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").  Moreover, Wiggs' new factual allegations on his malicious prosecution claim do not cure preexisting factual defects.  For the reasons discussed above, and in light of the first opportunity to amend, it would be inequitable to allow Wiggs further leave to amend his false arrest claims.